# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **BRENT ELECTRIC CO., INC.,**<br><br>Plaintiff/Counter-Defendant,<br><br>v.<br><br>**INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS LOCAL UNION NO. 584,**<br><br>Defendant/Counter-Plaintiff. | 4:21-cv-00246-CRK-CDL |

## OPINION AND ORDER

Before the Court are the plaintiff/counter-defendant Brent Electric Company, Inc.'s ("Brent Electric") motions for a certificate of appealability and to stay this proceeding. See [Brent Electric's] Mot. Certification Pursuant to Fed. R. Civ. P. 54(b), Dec. 1, 2022, ECF No. 51 ("Mot. Cert. Appealability"); [Brent Electric's] Mot. Stay, Nov. 30, 2022, ECF No. 50 ("Mot. Stay"). Brent Electric argues the Court's opinion granting the defendant/counter-plaintiff International Brotherhood of Electrical Workers Local Union 584's ("the Union") motion to dismiss the first amended complaint is a final decision ripe for appeal. Mot. Cert. Appealability at 3–5; see Brent Electric Co., Inc. v. Int'l Bhd. Elec. Workers Local Union No. 584, 2022 WL 16973249 (N.D. Okla. Nov. 16, 2022) ("Brent Electric I"); [Brent Electric's] First Am. Compl., July 1, 2021, ECF No. 10 ("FAC"); see also [Brent Electric's Reply Supp. Mot. Cert. Appealability], Jan. 5, 2023, ECF No. 61. Further, Brent Electric argues this proceeding should be stayed while its appeal is pending. Mot. Stay at 1–4; see

Not. Appeal, Nov. 18, 2022, ECF No. 47; see also [Brent Electric's Reply Supp. Mot. Stay], Jan. 4, 2023, ECF No. 60.  For the following reasons, the Court denies Brent Electric's motions for a certificate of appealability and to stay this proceeding.

## BACKGROUND[1]

Brent Electric is an Oklahoma corporation providing electrical service and is an employer in an industry affecting commerce under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (2018) ("LMRA").  FAC ¶ 2.  The Union is a labor organization under the LMRA.  Id. ¶ 3.  Brent Electric and the Union were parties to several collective bargaining agreements ("CBAs").  Id. ¶ 9.  When the parties failed to complete negotiations on a new CBA, the Union submitted the unresolved issues to the Council on Industrial Relations ("CIR") for arbitration under the previous CBA's arbitration clause, and on June 28, 2021 Brent Electric received the CIR's final award in favor of the Union.  Id. ¶¶ 31–43.  Brent Electric filed its complaint, claiming that the Court must vacate and set aside CIR's arbitration award under the LMRA and the Federal Arbitration Act, 9 U.S.C. ch. 1 ("FAA").  FAC ¶¶ 45–51.  The Union counterclaimed to confirm the arbitral award, to compel Brent Electric to submit to an audit, and to receive its accountant and attorney fees and costs.  [The Union's Counterclaim] at 8–9, July 15, 2021, ECF No. 16 ("Counterclaim").

---

[1] The Court only recites the facts relevant to determine the motions for stay and for a certificate of appealability.  For a full recitation of facts relevant to the Union's motion to dismiss, see Brent Electric Co., Inc. v. Int'l Bhd. Elec. Workers Local Union No. 584, 2022 WL 16973249 (N.D. Okla. Nov. 16, 2022) ("Brent Electric I").

2

The Union moved to dismiss the first amended complaint, and the Court granted the motion on November 16, 2022. Brent Electric I, 2022 WL 16973249, at *1, *6. In its opinion, the Court neither addressed the Union's counterclaims nor issued final judgment. See id. at *1–*6. Brent Electric appealed the Court's order dismissing the complaint to the Tenth Circuit Court of Appeals. Notice Appeal at 1, Nov. 18, 2022, ECF No. 47. Brent Electric moved for a stay pending conclusion of the appeal on November 30, 2022 and for a certificate of appealability on December 1, 2022. See Mot. Cert. Appealability; Mot. Stay. The Union moved the Court of Appeals for dismissal due to a lack of jurisdiction. Order at 1, Dec. 15, 2022, ECF No. 55. On December 15, 2022, the Court of Appeals abated Brent Electric's appeal pending this Court's ruling on Brent Electric's motion for a certificate of appealability. Id.

## JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction over the parties' claims arising under section 301 of the LMRA[2] and section 10 of the FAA pursuant to 28 U.S.C. § 1331.

A court may certify an order for appeal when it is a final order and there is no reason to delay appellate review. Okla. Tpk. Auth. v. Bruner, 259 F.3d 1236, 1242 (10th Cir. 2001). The court weighs several factors when determining whether an order

---

[2] Section 301 of the LMRA provides that "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

is final and whether there is reason to delay. Stockman's Water Co., LLC v. Vaca Partners, L.P., 425 F.3d 1263, 1265 (10th Cir. 2005).

A court possesses inherent power to efficiently manage its docket, including the power to stay proceedings, and balances any competing interests when determining whether to stay a proceeding. Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). If a stay would possibly harm another party, the moving party must show continued proceedings would cause hardship or inequity. Id. at 255.

## DISCUSSION

Brent Electric argues the Court's order dismissing the complaint is a final order under Federal Rule of Civil Procedure 54(b) because it is an ultimate disposition that ended litigation on the merits.[3] Mot. Cert. Appealability at 3–5. Brent Electric further argues there is no just reason to delay review of the Court's order. Id. Brent Electric also seeks a stay of this proceeding during its appeal to protect any remedy the Court of Appeals might impose and avoid any inconsistent rulings by the Court of Appeals and this Court. Mot. Stay at 1–4. The Union argues the Court's order dismissing Brent Electric's complaint is not a final order because its counterclaim, awaiting adjudication, is inseparable from Brent Electric's complaint. [The Union's

---

[3] Brent Electric argues that it was left with no remedy because the Court split "the two actions." [Brent Electric's Reply Supp. Mot. Cert. Appealability] at 2, Jan. 5, 2023, ECF No. 61. It is unclear what Brent Electric is trying to argue. Brent Electric filed claims. The Union moved to dismiss Brent Electric's claims. The Court adjudicated that motion. The Union filed counterclaims, which Brent Electric did not move to dismiss and which the Court has not yet adjudicated. Brent Electric cites no authority supporting its view that the Court should not proceed to adjudicate the Union's counterclaims.

Response to Mot. Cert. Appealability] at 2–6, Dec. 22, 2022, ECF No. 59 ("Resp. Mot. Cert. Appealability"). Additionally, the Union argues Brent Electric has not demonstrated that no just reason for delay exist. Id. at 5–6. In response to Brent Electric's motion to stay, the Union argues that a stay would harm its rights and that Brent Electric has not met its burden to show it would experience hardship or inequity if this litigation proceeds. [The Union's Response to Mot. Stay] at 1–8, Dec. 21, 2022, ECF No. 58. For the following reasons, Brent Electric's motions for a certificate of appealability and for a stay are denied.

**I.     Certificate of Appealability**

In its motion for a certificate of appealability, Brent Electric argues it is entitled to appeal the Court's order dismissing the complaint because the order is final and because there is no just reason to delay entry of judgment as to its claims. Mot. Cert. Appealability at 3–5. Brent Electric argues the order is final because it constitutes an ultimate disposition of an individual claim in an action with multiple claims and ended litigation on the merits with nothing left to do but to execute judgment. Id. at 4. Additionally, Brent Electric argues there is no just reason to delay its appeal because the Court of Appeals' pending decision would necessarily resolve the Union's claims and this Court might resolve the issue before it in a manner that conflicted with the Court of Appeals' decision. Id. at 4–5. However, Brent Electric fails to demonstrate it is entitled to a certificate of appealability because the adjudicated and unadjudicated claims in this case are inseparable.

For a court's decision to be appealable, the court must have issued a judgment or a certificate of appealability. If a court does not issue a judgment, the court may designate an order for appellate review by issuing a certificate of appealability under Rule 54(b). The court must conclude that, under Rule 54(b), its order was final and that there is no just reason to delay review of the final order. Bruner, 259 F.3d at 1242; see Fed. R. Civ. P. 54(b). In a case where there are multiple claims, a final order exists where the adjudicated claims are distinct and separable from those the court must still adjudicate. Jordan v. Pugh, 425 F.3d 820, 826 (10th Cir. 2005); Bruner, 259 F.3d at 1243 (ruling the claims were inseparable because they factually overlapped and the requested relief was identical). A claim includes "all factually or legally connected elements of a case." Bruner, 258 F.3d at 1242. A court also should consider if an "appellate court would have to decide the same issues more than once even if there were subsequent appeals." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980).

Here, Brent Electric fails to show it is entitled to a certificate of appealability because the Court's order dismissing the complaint is not a final order under Rule 54(b). Although the Court dismissed Brent Electric's claims, Brent Electric I, 2022 WL 16973249, at *1, *6, the Union's counterclaims are still pending before the Court.[4]

---

[4] The Union counterclaimed to (1) confirm and enforce the arbitration award by ordering Brent Electric to sign, implement, and comply with the new CBA; (2) require Brent Electric to submit to an audit; and (3) award the Union its fees and costs. Counterclaim at 8–9. The Union requests the Court order Brent Electric to submit to an audit by an accountant chosen by the Union to determine the amounts of unpaid compensation or unpaid fringe benefit contributions accrued from June 1, 2021 to the

Brent Electric does not directly address the counterclaims' impact on the order's finality. However, it is undisputed the claims under review are inseparable from those remaining in the case. Brent Electric admits, "the remedies sought in the Complaint and the Counterclaim are inextricably intertwined, and a decision on one of them will directly affect the outcome of the other." Mot. Stay at 2; see also Resp. Mot. Cert. Appealability at 1, 4–5. Specifically, the counterclaim requests, among other relief, that the court confirm the arbitral award, which depends, in part, on the awards' validity. See Counterclaim at 8. In comparison, the complaint, which the Court dismissed, requested the Court to vacate the award because it is invalid. See FAC at 27. Thus, these claims are inseparable, and the Court's order dismissing the complaint is not final under Rule 54(b).

Brent Electric argues it would face undue hardship unless it can appeal the Court's order immediately. Mot. Cert. Appealability at 4–5 (citing Bruner, 259 F.3d at 1242). Specifically, Brent Electric argues it might be forced to comply with the Court's order to implement the arbitral award before the Court of Appeals has an opportunity to rule. Id. However, Brent Electric's hardship argument rests on the inseparability of the claims in the complaint and counterclaim—that proceeding with this case could cause the Court's decision to be contrary to that of the Court of Appeals. Because these claims are inseparable, the Court's order here is not final, and thus Brent Electric's motion for a certificate of appealability is denied.

---

date of Brent Electric's full compliance with the new CBA imposed by the arbitration award. Id. at 8.

## II. Motion to Stay

Brent Electric seeks a stay of this Court's proceedings pending the appeal of the Court's order dismissing the complaint. Mot. Stay at 1–2. Brent Electric argues a stay would prevent any potential conflict between a decision of this Court and the Court of Appeals. Id. at 3–4. However, because the Court denies Brent Electric's motion for appealability, its motion to stay is now moot.

A court may stay proceedings if any harm arising from continued proceedings outweighs other interests. This discretion stems from the court's inherent power to manage its docket efficiently, requiring the court to balance any competing interests in determining whether to grant a stay. Landis, 299 U.S. at 254–55. These interests include both the harm arising from continued proceedings and the harm arising were a court to stay the proceedings. See id. at 255 (the moving party "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else"); see, e.g., Ben Ezra, Weinstein, and Co., Inc. v. Am. Online Inc., 206 F.3d 980, 987 (10th Cir. 2000) (no compelling reason requiring a stay to permit further discovery where plaintiff had ample opportunity to seek discovery).

Here, Brent Electric's motion to stay is now moot. Brent Electric argues that, if a stay is not granted, the Court of Appeals and this Court might reach inconsistent decisions. Mot. Stay at 3–4. However, because this Court declines to issue a certificate of appealability, there is no danger of inconsistent rulings. Brent Electric also argues it could be left with no effective remedy if a stay is not granted. Mot. Stay

4:21-cv-00246-CRK-CDL

at 3. Brent Electric erects a straw man. If final judgment in this case does not provide Brent Electric the remedy it seeks, Brent Electric could then seek appellate review of all the Court's decisions in one appeal. See Fed. R. App. P. 3(c)(4). Thus, Brent Electric's motion for stay is denied.

## CONCLUSION

In light of the foregoing, it is

**ORDERED** that Brent Electric's Motion for a certificate of appealability, see ECF No. 51, is DENIED; and it is further

**ORDERED** that Brent Electric's motion to stay, see ECF No. 50, is DENIED; and it is further

**ORDERED** that the parties shall prepare and submit to the Court a joint status report on or before Friday, January 27, 2023.

/s/ Claire R. Kelly
Claire R. Kelly, Judge[*]

Dated:  January 13, 2023
        New York, New York

---

[*] Judge Claire R. Kelly, of the United States Court of International Trade, sitting by designation.